United States Court of Appeals,
Fifth Circuit.

No. 95-11063.

Jerry KRIM, on behalf of himself and all others similarly situated, Plaintiff,

and

Harvey Greenfield, Movant-Appellant-Cross-Appellee,

v.

BANCTEXAS GROUP, INC., et al., Defendants,

and

BANCTEXAS GROUP, INC., Defendant-Appellee-Cross-Appellant.

Nov. 19, 1996.

Appeals from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, DUHÉ and BENAVIDES, Circuit Judges.

DUHÉ, Circuit Judge:

Attorney Harvey Greenfield appeals the district court's order levying $95,848 in sanctions against him for violations of Fed.R.Civ.P. 11. We reverse.

BACKGROUND

Appellant Harvey Greenfield, attorney for Plaintiff Jerry Krim, filed a class action complaint in the Southern District of Texas against BancTexas Group, Inc. and certain of its officers and directors, alleging violations of federal securities laws arising from a prospectus containing false or misleading statements. Greenfield later amended the class action complaint, naming an additional defendant. Defendants moved to dismiss the amended complaint for failure to plead fraud with particularity, as required by Fed.R.Civ.P. 9(b).

The district court never ruled on the Rule 9(b) motion, and by agreement, the case was transferred to the Northern District of Texas. At all times relevant to this proceeding, Local Rule 10.2(c) of the Northern District of Texas allowed discovery in class actions only as to facts relevant to class certification and prohibited discovery on the merits of the lawsuit until the district court ruled

on certification.[1] On May 3, 1989, the court ordered the parties to complete discovery "as permitted by Rule 10.2(c)."

Greenfield filed a second amended class action complaint on May 2, 1989, and a third amended class action complaint on July 14, 1989, and on the same date moved for class certification. Defendants moved to dismiss the third amended complaint pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), and later responded to Plaintiff's motion for class certification.

The district court found that Greenfield's conclusory allegations were insufficient to satisfy Rule 9(b), but gave him "one final opportunity to plead his complaint in a manner that satisfies the dictates of Rule 9(b)." Greenfield filed the fourth amended class action complaint, which was again met with Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). The district court ruled on the 9(b) motion, dismissing the complaint as against all of the defendants except BancTexas itself. The court did not rule on the 12(b)(6) motion.

The litigation against BancTexas continued, and on December 7, 1990, Greenfield served BancTexas with a request, under Fed.R.Civ.P. 34, for production of documents. Ten days later, BancTexas, relying on Local Rule 10.2(c)'s prohibition on discovery as to the merits of the case, moved for protective order and to stay discovery pending the district court's ruling on the motion for class certification. The next day, the trial court granted BancTexas's unopposed motion and held that BancTexas need not respond to the discovery request until sixty days after a ruling on the class certification.[2]

Meanwhile, on November 23, 1990, the individual defendants had moved for sanctions, and

---

[1]Local Rule 10.2(c) was repealed after the conclusion of the underlying lawsuit. The rule provided:

> After commencement of an alleged class action, discovery shall proceed only as to facts relevant to the certification of the alleged class. Although discovery relative to class certification may overlap with discovery on the merits, discovery concerning facts relevant only to the merits of the lawsuit shall not begin until the Court has ruled on the motion for certification.

N.D.Tex.Local R. 10.2(c) (repealed 1994).

[2]The court allowed discovery to proceed regarding the identities of purchasers of BancTexas's stock.

on January 15, 1991, BancTexas filed a Rule 12(b)(6) motion to dismiss plaintiff's fourth amended complaint. On June 28, 1991, the district court ruled on both motions. The court denied BancTexas's motion to dismiss, but it sanctioned Greenfield, finding that the fourth amended complaint violated Rule 11 because it "could not allege securities claims against [the individual defendants] with the specificity required by Rule 9(b)." The court ordered Greenfield to attend ten hours of legal education and submit letters of apology to each of the dismissed defendants.

Approximately one month later, BancTexas moved for summary judgment. Greenfield then filed a brief in opposition to the motion for summary judgment, supplemented by an affidavit pursuant to Fed.R.Civ.P. 56(f). In the affidavit, Greenfield noted that although BancTexas did produce a limited number of documents in October of 1989 in connection with settlement discussions, Greenfield had otherwise been unable to obtain substantive discovery due to the court's protective order. He thus asked the court to deny the summary judgment motion, or in the alternative, postpone consideration of the motion until discovery was complete.

On February 14, 1992, the district court granted BancTexas's motion for summary judgment, rejecting Greenfield's Rule 56(f) affidavit on the grounds that the affidavit gave no reason why the October 1989 discovery did not enable Greenfield to oppose the motion for summary judgment; that there was no justification for not conducting discovery before the court issued the December 1990 protective order; and that the affidavit did "not adequately disclose the benefits of additional discovery." Plaintiff appealed, and BancTexas moved for sanctions, seeking recovery of its fees and expenses in defending the lawsuit. The trial court denied the sanctions motion without prejudice pending the conclusion of Plaintiff's appeal.

On appeal, we affirmed. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435 (5th Cir.1993). We held that the district court did not err in refusing to permit further discovery on the merits prior to granting BancTexas's motion for summary judgment and that summary judgment was appropriate based on the pleadings and evidence adduced. *Id.* After Plaintiff's unsuccessful appeal, BancTexas

renewed its motion for Rule 11 sanctions.[3]

The court concluded that BancTexas had made a prima facie showing of Rule 11 violations, and ordered a hearing to allow Greenfield to present evidence and argument in opposition. Thereafter the district court granted BancTexas's motion for sanctions. The court found that Greenfield had violated Rule 11 by signing the third amended class action complaint, the fourth amended class action complaint, and the brief in opposition to BancTexas's motion for summary judgment. Specifically, the court found that a number of Greenfield's allegations in these three pleadings were not well grounded in fact, and that Greenfield did not conduct a reasonable inquiry into the supporting facts before signing the three pleadings. In addition, the district court specifically found that Greenfield had not violated Rule 11 by signing the class action complaint and the first amended class action complaint because at the time those pleadings were filed, Greenfield had made a reasonable factual inquiry.[4] After receiving pleadings from both parties regarding the amount of the sanctions, the court, on October 11, 1995, ordered Greenfield to pay BancTexas the sum of $95,848 for violations of Rule 11.

On appeal, Greenfield asserts that his investigation into the factual basis for the pleadings was

[3]In its amended motion for sanctions, BancTexas asserted that Greenfield violated Rule 11 in connection with the following eight pleadings:

1. class action complaint (filed September 30, 1988);

2. amended class action complaint (filed November 16, 1988);

3. second amended class action complaint (filed May 2, 1989);

4. third amended class action complaint (filed July 14, 1989);

5. memorandum in opposition to defendants' motion to dismiss (filed December 4, 1989);

6. fourth amended class action complaint (filed May 23, 1990);

7. brief in opposition to defendant's second motion to dismiss (filed June 26, 1990); and

8. brief in opposition to defendant's motion for summary judgment (filed September 20, 1991).

[4]The court also found that Greenfield did not violate Rule 11 by signing either of the two oppositions to BancTexas's motions to dismiss because these motions addressed the adequacy of the complaint against BancTexas, and that Greenfield did not violate Rule 11 regarding the second amended class action complaint because he did not sign that pleading.

adequate, especially in light of Local Rule 10.2(c) and the district court's orders prohibiting discovery on the merits. We agree, and reverse.

## ANALYSIS

### A. Standard of Review

We review all aspects of a district court's Rule 11 determination for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359 (1990); *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 872 (5th Cir.1988) (en banc). A district court abuses its discretion if it imposes sanctions based upon an erroneous view of the law or a clearly erroneous assessment of the evidence. *F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1297 (5th Cir.1994) (*citing Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. at 2460-61).

### B. Rule 11 Liability

Throughout this litigation, Greenfield was bound by Local Rule 10.2(c), which permitted discovery only of facts relevant to class certification; by a court order directing the parties to complete discovery in accordance with Rule 10.2(c); and by another court order specifically prohibiting Greenfield from conducting discovery on the merits. We find it necessary to reverse the order levying Rule 11 sanctions because Greenfield was prohibited from conducting further investigation into the facts behind his allegations because of the local rule, the two court orders, and the lack of any reasonable alternative means of investigation.

Rule 11 imposes three affirmatives duties upon an attorney who signs a pleading, motion, or other document. *Childs v. State Farm Mut. Auto. Ins. Co.,* 29 F.3d 1018, 1024 (5th Cir.1994); *Thomas,* 836 F.2d at 873-74. In this case, the district court found that the only duty violated by Greenfield was the duty to conduct a reasonable inquiry into the facts supporting the documents. *See Childs,* 29 F.3d at 1024; *Thomas,* 836 F.2d at 874. Specifically, the district court found that Greenfield had breached his Rule 11 duty by signing the third amended complaint (filed July 14, 1989), the fourth amended complaint (filed May 23, 1990), and the brief in opposition to summary judgment (filed September 20, 1991), without conducting a reasonable inquiry into the facts supporting these three pleadings.

The court found, however, that Greenfield did conduct a reasonable inquiry in the facts supporting the class action complaint and the first amended class action complaint, and thus declined to impose Rule 11 sanctions with respect to those pleadings. The allegations of securities fraud made by Greenfield in the third and fourth amended complaints did not differ from those made in the initial and first amended complaints; the later two pleadings simply were more detailed. Greenfield was not sanctioned for anything that he added to the later two pleadings and was not sanctioned for bringing a frivolous lawsuit at the outset; he was sanctioned because his inquiry into the facts was insufficient by the time he filed the third and fourth amended complaints, approximately nine and twenty months after the inception of the lawsuit, respectively. The district court thus believed that Greenfield breached his duty by not conducting a reasonable inquiry into the facts between November 16, 1988 (when Greenfield filed the first amended complaint), and July 14, 1989 (when Greenfield filed the third amended complaint). The district court held that, between these dates, Greenfield should have done two things: commenced formal discovery and conducted his own investigation.

*1. Discovery*

First, Greenfield simply could not, at any time, conduct discovery on the merits of the case because of Local Rule 10.2(c), which prohibited discovery on the merits, and the court order, dated May 3, 1989, directing that discovery be completed in accordance with Rule 10.2(c). In addition, when Greenfield did serve BancTexas with a discovery request on December 7, 1990, the district court issued a protective order on December 18, 1990, reinforcing Local Rule 10.2(c)'s prohibition on merits discovery until after class certification. It was an abuse of discretion for the district court to sanction Greenfield for not conducting discovery, when discovery was expressly prohibited.

We reject any contention that Greenfield did not actually rely on Rule 10.2(c) or otherwise should have sought to have the prohibitions of that rule lifted. First, it is irrelevant whether Greenfield actually subjectively relied on Local Rule 10.2(c) or the initial court order as the reasons why he did not conduct discovery. The mere fact that Greenfield was prohibited from conducting discovery is enough at least to create the inference that Greenfield's lack of action was a result of the local rule and order. The court's initial order was based on Local Rule 10.2(c), and when Greenfield

did attempt to conduct merits discovery, BancTexas immediately sought, and was granted, a protective order against such discovery based on Rule 10.2(c).

We are also not persuaded by BancTexas's argument that Greenfield should have sought relief from the discovery prohibitions. It is disingenuous for BancTexas to argue that Greenfield should have sought relief from Local Rule 10.2(c), when BancTexas specifically opposed Greenfield's merits discovery request based on that very rule. While it may not have been a good idea for Greenfield to have acquiesced in the order prohibiting merits discovery, BancTexas simply cannot use the local rule and the court orders as both a sword and a shield.

We take note that our earlier panel opinion affirming the dismissal of the case against BancTexas stated that there was "no evidence whatsoever to suggest that [Greenfield] *did* rely on Local Rule 10.2(c) in delaying to make his first request for discovery on the merits until more than two years from the date of filing of his initial complaint." *Krim,* 989 F.2d at 1441 n. 3. We are not bound by this statement because it is dicta, and self-described as such. *Id.* (stating that "consideration of whether plaintiff did rely on the local rule is not essential to our decision in this case"). Further, our statement was made in the context of a motion for summary judgment, not one for Rule 11 sanctions.

Finally, we are not convinced by the argument that because Local Rule 10.2(c) permitted class discovery that overlaps with discovery on the merits, Greenfield should have served a discovery request pertaining to class certification that would somehow have provided him with enough facts sufficient to know whether his allegations had sufficient basis in fact. The factors that a district court must consider in determining whether to certify a class include: numerosity, commonality, typicality, and adequacy of representation. Fed.R.Civ.P. 23(a). Any discovery as to these factors would have been unlikely to have disclosed facts regarding the merits of the fraud claim. This is especially true regarding the facts at issue in this particular case. In our earlier opinion affirming the grant of summary judgment, we held that Greenfield did not create a genuine issue of material fact regarding whether BancTexas had knowledge of the information allegedly omitted from its prospectus and whether the information allegedly omitted was material, two essential elements of the securities fraud

claims. *Krim,* 989 F.2d at 1445. We fail to see how conducting discovery relative to class certification would have incidentally provided Greenfield with information suggesting that he would have been unable to prove knowledge or materiality. While we do not condone the fact that Greenfield waited until two years after the filing of his complaint to seek discovery regarding class certification, this cannot be a basis for the Rule 11 sanctions.

*2. Outside Investigation*

As a practical matter, any investigation that Greenfield might have attempted short of discovery could not have produced facts regarding the merits of his allegations. First, BancTexas counsel admitted during oral argument that between the filing of the first and third complaints, Greenfield's only realistic course of action was to conduct discovery. Second, the nature of a securities fraud action is such that the information necessary to support the allegations of fraud must come primarily, if not exclusively, from discovery. *See Thomas,* 836 F.2d at 875 (stating that one factor a court may consider in determining whether an attorney has made a reasonable inquiry into the facts supporting the allegations is the extent to which development of the facts requires discovery). We earlier affirmed the district court's dismissal of Greenfield's case in part because he had failed to produce any genuine issue of fact pertaining to scienter, an essential element of a claim brought under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. In order to prove knowledge on the part of BancTexas, it probably would have been necessary for Greenfield to have procured internal corporate documents belonging to BancTexas, documents available only through discovery. *See Smith v. Our Lady of the Lake Hosp., Inc.,* 960 F.2d 439, 446 (5th Cir.1992) (noting that "virtually all of the factual materials relevant to proving the RICO [fraud] case were beyond [Plaintiff's] reach, in the hands of the defendants"). As the *Smith* Court noted, "The essence of the alleged offense was the defendants' agreement and intent to defraud, which cannot be ascertained easily from extrinsic evidence; a party should be given some leeway in making allegations about such matters, as long as the lawyer's investigation is otherwise reasonable." *Id.* In this case, extrinsic investigation was, practically speaking, not an option, and discovery on the merits, Greenfield's remaining source of information, was prohibited by a local court rule and the district court's orders.

We need not reach the other issues raised by Greenfield or the issues raised by BancTexas in its cross-appeal.

REVERSED and RENDERED.