IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10491
_____

In The Matter Of: FIRST CITY BANCORPORATION OF TEXAS INC.,

Debtor.

JERRY KRIM; HAROLD L. HARRIS, Individually and as Trustee of Mazel
Inc. Profit Sharing Plan; GROUP OF SECURITIES LITIGATION CLAIMANTS;
HARVEY GREENFIELD,

Appellants,

versus

FIRST CITY BANCORPORATION OF TEXAS INC.,

Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

March 5, 2002

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

After listening to the oral arguments of the parties and closely examining the record, we conclude that the sanctioned lawyer in this case, Harvey Greenfield, was appropriately sanctioned by the bankruptcy court. His attitude and remarks toward opposing attorneys, opposing parties, and the bankruptcy court were -- to understate his conduct -- obnoxious. Although incivility in and of itself is call for concern, what is most

1

disconcerting here is the rationale Greenfield gives for his behavior. Greenfield asserts that his deplorable and wholly unprofessional conduct helps him recover more money for his clients. Unremorsefully and brazenly, Greenfield contends that his egregious behavior serves him well in settlement negotiations and is therefore appropriate. Because we find that the bankruptcy court did not abuse its discretion when it issued sanctions in this case, we affirm the district court's judgment affirming the bankruptcy court's sanction order.

I

In 1990, Jerry Krim, Harold L. Harris, and several other claimants filed a class action lawsuit against FirstCity Bancorporation of Texas Inc. ("FirstCity"), its officers and directors, and Donaldson, Lufkin & Jenrette Securities Corporation. Greenfield represented the plaintiff class. In 1992, the parties reached a $20 million dollar settlement. The settlement, however, was set aside when federal regulators seized control of FirstCity's assets. FirstCity then filed a bankruptcy petition under Chapter 11. Greenfield pursued the claims of the plaintiff class in bankruptcy, reaching a settlement agreement with FirstCity for over $10 million in cash and stock. FirstCity incorporated this settlement agreement into its Joint Plan for Reorganization.

FirstCity then filed a motion to sanction Greenfield, based in part on his conduct during a July 13, 1995 deposition when

2

Greenfield deposed A. Robert Abboud, a director of FirstCity and a claimant in bankruptcy for indemnification of legal expenses. Abboud was represented by Hyman Schaffer.

One day before the deposition, the bankruptcy judge conducted a telephone conference with Schaffer, Greenfield, and Kenneth Carroll (counsel for FirstCity Liquidating Trust). During this hearing, the bankruptcy court directed the parties to restrict the deposition to issues pertinent to Abboud's indemnification claim. The bankruptcy court also denied Greenfield's motion for leave to refer to a confidential report compiled by Baker & Botts for the audit committee at FirstCity. Finally, the bankruptcy court urged Greenfield not to engage in personal attacks during the deposition.

At the deposition, in apparent defiance of the bankruptcy court's order, Greenfield used the Baker & Botts report in the questioning of Abboud. Also during the deposition, the parties continued to disagree about the proper scope of the deposition inquiry. So, they again went to bankruptcy court to clarify the exact issues to be covered at the deposition. At this second telephone hearing, the bankruptcy court once more cautioned Greenfield to refrain from personal attacks.

Despite these multiple warnings, during the deposition Greenfield stated that "I am going to have Mr. Abboud indicted." He also accused Schaffer of having been fired from Sullivan and Cromwell.

Greenfield's obnoxious behavior, however, was not limited to Abboud's deposition. Some of the other statements made by Greenfield during the bankruptcy proceeding -- noted by both the district court and the bankruptcy court -- are the following:

! He characterized other attorneys, including an Assistant United States Attorney, as (1) a "stooge"; (2) a "puppet"; (3) a "weak pussyfooting 'deadhead'" who "had been 'dead' mentally for ten years"; (4) "various incompetents"; (5)"inept"; (6) "clunks"; (7) "falling all over themselves, and wasting endless hours"; (8) "a bunch of starving slobs"; and (6) an "underling who graduated from a 29th-tier law school."

! He called the chairman of FirstCity a "hayseed" and a "washed-up has been," and he also called other FirstCity directors "scoundrels."

! He referred to one law firm, Carrington, Coleman, Sloman & Blumenthal, L.L.P. as "stooges" of another law firm, Vinson & Elkins, L.L.P.

! He referred to the work of other attorneys as "garbage" that demonstrated "legal incompetence" while involving "ludicrous additional time and expense."

! He asserted that Vinson & Elkins was using FirstCity as a "private piggybank."

! He described an executive compensation plan approved by the bankruptcy court as a "bribe."

The bankruptcy court found that Greenfield's "egregious, obnoxious, and insulting behavior ... constituted an unwarranted imposition upon and an affront to [the bankruptcy court] and the parties and practitioners who have appeared in this bankruptcy that should not have to be endured in the future." Accordingly, the bankruptcy court imposed a monetary sanction of $22,500 and barred Greenfield from practicing in the bankruptcy courts of the Northern

4

District of Texas unless he first obtained written permission from the court.

Greenfield appealed the sanction order to the district court. Meanwhile, in an unrelated appeal that involved sanctions against Greenfield for not conducting a reasonable inquiry into the facts before filing a pleading, we reversed the sanctions. Krim v. BancTexas Group, Inc., 99 F.3d 775 (5th Cir. 1996). In the light of this decision, the district court remanded the case to the bankruptcy court for reconsideration.

On remand, the bankruptcy court removed the sanction that barred Greenfield from practicing in the Northern District's bankruptcy courts but maintained the monetary penalty. In addition, the court increased the penalty by $2,500 "in light of the other findings and conclusions and because Mr. Greenfield filed a motion seeking to have this Court lift all sanctions against him ... and therefore caused counsel for FirstCity Liquidating Trust, A. Robert Abboud, and Mr. Schaffer to devote time in appearing and responding to that motion...."

Greenfield appealed to the district court, which affirmed. Greenfield now appeals the district court's decision.

II

We review the bankruptcy court's findings of fact under the clearly erroneous standard and decide issues of law de novo. Henderson v. Belknap (In re Henderson), 18 F.3d 1305, 1307 (5th

5

Cir. 1994), <u>cert.</u> <u>denied</u>, 513 U.S. 1014 (1994). The imposition of sanctions is discretionary -- thus, we review the exercise of this power for abuse of discretion. <u>Matter of Terrebonne Fuel and Lube, Inc.</u>, 108 F.3d 609, 613 (5th Cir. 1997). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." <u>Chavez v. M/V Medina Star</u>, 47 F.3d 153, 156 (5th Cir. 1995). A court, however, should exercise restraint when considering using its inherent power to impose sanctions. <u>Id.</u>

In the instant case, the bankruptcy court assessed sanctions pursuant to (1) Rule 9011 of the Federal Bankruptcy Rules of Procedure and (2) its inherent authority to police practitioners before it.

Greenfield does not dispute the factual basis of the bankruptcy court's sanction order. He thus concedes that he made the myriad rude and insulting comments outlined above. Greenfield defends his comments in two ways. First, he argues that the statements he made were, for the most part, correct. We find this argument utterly meritless. Greenfield was never engaged in stating plain facts -- he was engaged in hurling gratuitous and hyperbolic insults. Second, Greenfield argues that the actions of both the court and the opposing attorneys caused his abusive conduct. Obviously, any error on the part of the court or motive on the part of opposing attorneys in filing the sanction motion did

6

not give Greenfield carte blanche to launch personal attacks and to defy the court's directive to cease his wholly unprofessional conduct.

The only cognizable argument Greenfield makes is that the sanction imposed was unduly harsh. Sanctions must be chosen to employ "the least possible power to the end proposed." Spallone v. United States, 493 U.S. 265, 280 (1990)(quoting Anderson v. Dunn, 6 Wheat. 204, 231 (1821)). In other words, the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior. Here, the bankruptcy court repeatedly urged Greenfield not to engage in personal attacks. He did not respond to either the oral or the written warnings of the bankruptcy court. We therefore hold that the bankruptcy court did not abuse its discretion by imposing a sanction of $25,000. Accordingly, the district court judgment affirming the bankruptcy court is

AFFIRMED.

7