IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10772
Summary Calendar
_____

In re: HAROLD O'CONNOR,

                                        Debtor,

------------------------------------------------------

GREG GUTMAN and
PRESTON NATIONAL BANK,

                                        Appellants,

versus

HAROLD O'CONNOR,

                                        Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:01-CV-2606-D; 3:01-CV-2607-D____
--------------------
February 13, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this bankruptcy litigation matter, the bankruptcy court imposed sanctions pursuant to Rule 9011, Fed. Bankr. R.P., the sanctions provision substantially similar to Rule 11, Fed. R. Civ. P. The district court, acting in its appellate capacity,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed the bankruptcy court. In their appeal, appellants argue i.) the bankruptcy court committed error in assessing sanctions against appellants for allegedly violating the automatic stay imposed by the court pursuant to 11 U.S.C. § 362; ii.) the bankruptcy court committed error by failing to sanction appellee's counsel for violation Rule 9011, Fed. Bankr. R.P.; iii.) the bankruptcy court committed error by failing to sanction appellee's counsel for presenting perjured testimony in support of debtor-appellee's motion for contempt.

It is well-settled that "[w]e review the bankruptcy court's findings of fact under the clearly erroneous standard and decide issues of law de novo." *In re First City Bancorporation of Texas Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (citing *Henderson v. Belknap (In re Henderson)*, 18 F.3d 1305, 1307 (5th Cir. 1994), cert. denied, 513 U.S. 1014 (1994)). As the imposition of sanctions is discretionary, we review the exercise of this power for an abuse of discretion. *See First City Bancorporation*, 282 F.3d at 867; *Matter of Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609, 613 (5th Cir.1997). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). Bankruptcy courts, in general, should exercise restraint when considering using its inherent power to impose sanctions. *See id.*

Our review of the record supports the conclusion of the bankruptcy court that appellant ignored the automatic stay imposed by the bankruptcy court, that this conduct merited sanction, and that the sanction imposed does not constitute an abuse of discretion.  Thus, we find no merit to the arguments advanced by appellant in this appeal.

The judgment of the bankruptcy court is AFFIRMED.