United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-10893
Summary Calendar

———————————

WALNUT VILLA APARTMENT, LLC,

Plaintiff-Appellant,

NADINE R. KING-MAYS, KING-MAYS FIRM,

Appellants,

versus

THE CITY OF GARLAND, TEXAS, ET AL.,

Defendants,

THE CITY OF GARLAND, TEXAS,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-93-P

———————————

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Attorney Nadine King-Mays (King-Mays) appeals a sanctions

award rendered against her. She argues that the district court

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in finding that she had filed pleadings for an improper purpose—to cause unnecessary delay or needless increase in the cost of litigation—in violation of FED. R. CIV. P. 11(b)(1).[1]

King-Mays represented Walnut Villa Apartments, LLC, (Walnut Villa) in an appeal arising from two orders issued by the City of Garland Housing Standards Board (the Board) requiring either certain repairs to an apartment complex, or, in the alternative, the demolition of the complex. In a subsequent state action, Walnut Villa sought an injunction prohibiting enforcement of the orders, arguing that it had received improper notice, under both the United States Constitution and the Texas Local Government Code, of the Board's action, and that the Board's decision was not supported by substantial evidence. In addition, Walnut Villa

---

[1]In her brief on appeal, King-Mays also argues that the City failed to mitigate its costs in responding to her federal complaint, and failed to comply with the notice requirements of Rule 11(c)(1) in moving for sanctions against her. *See* FED. R. CIV. P. 11(c)(1) (providing that a motion for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."). King-Mays, however, did not raise either of these issues below and fails to cite any authority on appeal that would support an argument that the sanctions award should be reversed because the City failed to comply with the procedural prerequisites of a Rule 11 motion, particularly under the present circumstances where the complaint was dismissed the day after the filing. Nor does her brief clearly specify the nature of any requested relief. This court does not generally consider issues not raised in the district court or briefed by the parties on appeal. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000).

brought, also in state court, an action for damages under 42 U.S.C. § 1983.

The state trial court severed Walnut Villa's damages action, and after a hearing, determined both that the complex had received adequate notice of the Board's actions, and that those actions were supported by substantial evidence. Walnut Villa unsuccessfully appealed the state court decision to the intermediate state appellate court.

Following its unsuccessful state action, Walnut Villa, in a last minute effort to avoid the demolition of the apartment complex, on January 10, 2002, filed a complaint and motion for a temporary restraining order in federal district court. After hearing argument and ordering briefing, the district court dismissed Walnut Villa's complaint on January 11, 2002, finding that its procedural due process claim had already been presented to and resolved by the state court.[2] On February 27, 2002, the City filed a motion for, and the district court subsequently awarded, sanctions under Rule 11 of the Federal Rules of Civil Procedure.

A review of the pleadings filed and orders issued in the state and federal court proceedings indicates that (1) the federal district court did not clearly err in finding that King-Mays knowingly raised the same arguments on behalf of her client in the federal court as she had in the state court; (2) that those claims

---

[2]The district court's January 11, 2002, order has not been appealed and has become final.

3

had already been decided by the state court when King-Mays presented them to the federal court; and (3) that those claims, therefore, should not have been filed in the federal court.

"[T]he district court is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party." *Thomas v. Capital Security Servs., Inc.,* 836 F.2d 866, 877 (5th Cir. 1988) (en banc). Rule 11 specifically provides for the award "of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." FED. R. CIV. P. 11(c)(2). The City substantiated the amount of the fees and costs it had incurred in defending against Walnut Villa's federal court filing, and the federal district court, as it had discretion to do, awarded the amount requested. *See Thomas*, 836 F.2d at 877.

Thus, King-Mays has not shown that the federal district court's decision to impose sanctions "was based upon an erroneous view of the law or a clearly erroneous assessment of the evidence." *Krim v. BancTexas Group, Inc.*, 99 F.3d 775, 777 (5th Cir. 1996). We find, therefore, that the district court did not abuse its discretion in making this determination. *See id*.

Accordingly, the judgment of the district court is hereby

AFFIRMED.

4