United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40625
Summary Calendar

_____

VICTOR BROWN,

Plaintiff-Appellant,

versus

D.C. WILLIAMS; J. WILLIAMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:00-CV-268)

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Victor Renard Brown, Texas prisoner #850627, appeals, *pro se*, the dismissal, following a bench trial before a magistrate judge, of his 42 U.S.C. § 1983 complaint. Brown claims the magistrate judge: (1) abused his discretion by denying Brown's motion for sanctions; (2) erred by refusing to allow Brown to testify; (3) abused his discretion by not allowing Brown to call six of his 11

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

listed potential witnesses; and (4) clearly erred in his factual findings underlying the dismissal of Brown's claim.

Brown has not shown that the magistrate judge abused his discretion by denying sanctions. *See* **Krim v. BancTexas Group, Inc.**, 99 F.3d 775, 777 (5th Cir. 1996), *further proceedings at* 282 F.3d 864 (5th Cir. 2002). Although Brown's brief is construed liberally in the light of his *pro se* status, Brown has not adequately briefed his claims concerning his participation at trial. *See* **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed on appeal are deemed abandoned). Nor has Brown shown that the magistrate judge abused his discretion by not allowing the six witnesses to testify (Brown was allowed to call four). *See* **Gibbs v. King**, 779 F.2d 1040, 1047 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986); **Harvey v. Andrist**, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985). Finally, we cannot reweigh the evidence and credibility determinations of the magistrate judge. *See* **Martin v. Thomas**, 973 F.2d 449, 453 n.3 (5th Cir. 1992). The challenged findings are *not* clearly erroneous.

Brown has also filed in this court a motion for summary judgment and two motions for appointment of counsel. Motions for summary judgment are not authorized by the Federal Rules of Appellate Procedure. Accordingly, that motion is **DENIED**. In light of the disposition of this case, Brown's motions for appointment of counsel are also **DENIED**.

*AFFIRMED; MOTIONS DENIED*