IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-31252

In the Matter Of: ROY RASPANTI; ROBERT BURKE KEATY, SR.

Debtors

_____

ROY A. RASPANTI,

Appellant,

v.

ROBERT BURKE KEATY, SR., doing business as Keaty & Keaty,

Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CV-1875

Before GARZA, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Roy Raspanti appeals the district court's imposition of sanctions against him in the amount of $10,000. For the following reasons we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

This case has an attenuated history, beginning in 1997 when Raspanti filed a motion for sanctions in Louisiana state court against Defendant-Appellee Robert B. Keaty, as well as Thomas S. Keaty and Keaty & Keaty. The motion alleged that the Keaty's had filed a suit against him that was without foundation and for the purpose of harassment and delay. The motion for sanctions was denied. Raspanti appealed and the Fourth Circuit Court of Appeal for the State of Louisiana rendered judgment in favor of Raspanti, finding that he was entitled to sanctions in the amount of $107,605.95 plus interest against the above named defendants. Thereafter, Robert B. Keaty filed for bankruptcy. He retained D. Patrick Keating as counsel for those proceedings. Keaty's debt with Raspanti was discharged in those proceedings. Raspanti then filed an adversary proceeding, arguing that the state court judgment against Keaty was not dischargeable under § 523(a)(6) of the Bankruptcy Code because the sanctions were imposed for willful and malicious injury.[1]

On October 4, 2001, Raspanti filed a motion for summary judgment, requesting that the bankruptcy court apply principles of collateral estoppel to the state appellate court's findings that the debt arose from a willful and malicious injury. The motion was denied. On April 16, 2002, Raspanti filed a

---

[1] The bankruptcy court held that the state appellate court's determination was not entitled to preclusive effect and set the matter for trial. After the trial, the bankruptcy court held that the debt owed to Raspanti did not arise from a willful and malicious injury and dismissed Raspanti's complaint. The bankruptcy court denied Raspanti's application for reconsideration, or in the alternative relief from judgment; Raspanti appealed to the district court. The district court, Judge Richard T. Haik, Sr. presiding, affirmed the findings of the bankruptcy court. This Court reversed, finding that the district court erred in affirming the bankruptcy court's determination that the state appellate court's finding that Keaty's actions were willful and malicious were not entitled to preclusive effect. In re Keaty, 397 F.3d 264 (5th Cir. 2005). Because this matter is not relevant to the issue before this Court, we do not consider it further in this opinion.

second motion for summary judgment and attached the entire state court record. That motion was also denied.

After Raspanti's first motion for summary judgment was denied, Raspanti filed a motion to recuse the bankruptcy judge, the Honorable Gerald H. Schiff, on the grounds that Judge Schiff's relationship with Keating, counsel for the debtor, may unduly influence his judgments. In his motion to recuse, Raspanti argued that it was reasonable to question whether Judge Schiff could remain impartial during the proceedings because he and Keating had previously been law partners. Raspanti also alleged that Keating maintained a relationship with Judge Schiff's brother, Leslie Schiff, in which Keating would refer clients to Leslie Schiff as long as Keating was "treated right" before Judge Schiff.

On July 18, 2002, Judge Schiff denied the motion to recuse. In his reasons for the decision, Judge Schiff acknowledged in his factual findings that he, Leslie Schiff, and Keating had been law partners until their law firm disbanded in 1995. Judge Schiff also explained that the alleged association between himself and Keating and Leslie Schiff had no basis in fact. The court went on to state that "Mr. Raspanti's remarks are offensive to the Court in that he is suggesting that Mr. Keating is 'treated right' in Bankruptcy Court."

On August 16, 2002, Raspanti filed a Memorandum and Clarification of Record on Motion to Recuse in which he attempted to distance himself from his previous remarks, stating that he was not suggesting that a conspiracy existed, but instead that a reasonable person could justifiably question whether Judge Schiff could remain impartial under the circumstances. He did not appeal Judge Schiff's denial of the motion to recuse.

In response to Judge Schiff's adverse finding regarding the preclusive effect of the state court's decision, Raspanti filed an application for reconsideration, or alternatively, relief from judgment that contained the following statements:

> Plaintiff submitted that the conflict which would arise in the normal course of business was that presumably as long as Mr. Keating was treated right in front of Mr. Schiff's brother, the bankruptcy judge, Mr. Keating would continue to look favorably upon Mr. Schiff when he is in need of referring a case to another lawyer. . . it is respectfully submitted that improper influence has been exerted upon the Court by the attorneys defending Keaty, in which the integrity of the Court and its ability to function impartially has been directly impinged.

On October 2, 2003, after these statements were submitted to the bankruptcy court, Judge Schiff entered an Order to Show Cause Why Sanctions Should Not be Imposed for Violation of Rule 9011 of Federal Rules of Bankruptcy Procedure.[2] Judge Schiff requested that the district court withdraw reference with regard to the motion to show cause why sanctions should not be imposed. Raspanti's submissions to the district court contained similar allegations to those filed in the bankruptcy court, including the following statement:

> [Raspanti] could make a cogent and powerful argument without fear of court sanctions that the reason why Sandoz, Schiff, Keating & Watson "held a meeting at which the future of the partnership was discussed" and the reason why the firm broke up in 1995 was to devise a way for Leslie Schiff and Keating to profit from all of the bankruptcy cases Leslie Schiff was getting between

---

[2] Bankruptcy Rule 9011 provides in relevant part:
  (b) Representations to the court
  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .
    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .
FED. R. BANKR. P. 9011(b)(3).

4

> August 1992 and July 1995 and at the same time having to turn down because his brother was the only Bankruptcy Judge in the United States Bankruptcy Court for the Western District of Louisiana . . . .

The district court determined that it was not unreasonable for Raspanti to seek recusal of Judge Schiff. However, the district court found Raspanti's continued allegations after the recusal motion was denied to be sanctionable because they were not supported by the record. The court intimated that Raspanti's accusations about Judge Schiff, Leslie Schiff, and Keating amounted to defamation. The district court imposed sanctions against Raspanti in the amount of $10,000. In the alternative, the court indicated that if Raspanti submitted letters of apology to Judge Schiff, Leslie Schiff, and Keating, within 15 days of the order, then $8,000 of the sanctions would be suspended.[3] Raspanti timely appeals the imposition of sanctions against him.

## II.

Rule 9011 requires every petition to be signed by an attorney of record in the case, and by signing the petition, the attorney certifies that to the best of his knowledge that the allegations in his filings have a factual basis in the record, or can be proven with reasonable investigation or discovery. FED. R. BANKR. P. 9011(b)(3). Because the imposition of sanctions under Rule 9011 is discretionary, this Court reviews the exercise of this power for abuse of discretion. In re First City Bancorporation of Tex., 282 F.3d 864, 867 (5th Cir. 2002). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id. (quoting Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir.1995)).

---

[3] During oral argument before this Court, Raspanti indicated that he had sent a letter of apology to Judge Schiff, but not Leslie Schiff and Keating. However, Raspanti did not state whether the letter was sent within the 15-day period allotted by Judge Haik, nor does he seek to reduce the amount of his sanctions in light of the fact that he sent the letter. Accordingly, we do not consider the possibility of a reduction in Raspanti's sanctions.

Raspanti does not dispute the factual basis for the district court's imposition of sanctions. He therefore concedes that his signed pleadings to the bankruptcy court contained the aforementioned allegations regarding Judge Schiff, Leslie Schiff, and Keating. He argues, however, that he never attacked Judge Schiff's integrity in his pleadings. Raspanti contends that he merely questioned the influence that Keating and Leslie Schiff had over the outcome of the adversary proceedings.

After considering oral argument, and reviewing the briefs and record on appeal, we cannot conclude that the district court abused its discretion by imposing sanctions against Raspanti. Raspanti made repeated, unsupported accusations that Keating and Leslie Schiff unduly influenced Judge Schiff. Notably, Raspanti even went as far as to allege that Keating is "treated right" before Judge Schiff so that Keating will refer clients to Leslie Schiff. Based on Judge Schiff's prior relationship with Keating and Leslie Schiff, we agree with the district court that it was not unreasonable for Raspanti to seek recusal if he had concerns about Judge Schiff's ability to remain impartial during the legal proceedings. In fact, as noted by the district court, if Raspanti's remarks about Judge Schiff had ceased after the motion to recuse was denied, a denial which Raspanti did not appeal, it is unlikely that his actions would have been sanctionable. However, Raspanti went beyond noting this prior history to alleging specific actions of impropriety that have no basis in the record. Because Raspanti provides absolutely no evidentiary support for his allegation as required by Rule 9011, the district court's imposition of sanctions against Raspanti is AFFIRMED.