**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-41104
Summary Calendar

In the Matter of: TBYRD ENTERPRISES LLC

Debtor

THOMAS G. WAYLAND; TIMOTHY W. BYRD

Appellants

v.

U.S. TRUSTEE CHARLES F. McVAY

Appellee

Appeal from the United States U.S. District Court
for the Southern District of Texas

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The U.S. Bankruptcy Court for the Southern District of Texas imposed monetary sanctions on the appellants for filing a bad faith bankruptcy petition containing significant misstatements of fact. The appellants appealed to the U.S. District Court for the Southern District of Texas, which remanded to the bankruptcy court to clarify whether it had imposed the sanctions pursuant to Fed. R. Bankr. P. 9011 or on the basis of the inherent powers of the bankruptcy court. The bankruptcy court issued a second order clarifying that Rule 9011 was the basis of the sanctions. The district court affirmed that order, and the appellants appealed to this court. The amount of the sanctions at issue is $10,000 for Thomas Wayland and $5,000 for Timothy Byrd.

"We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied." *In re Martinez*, 564 F.3d 719, 725-26 (5th Cir. 2009). "We thus generally review factual findings for clear error and conclusions of law *de novo*." *Id.* at 726 (quoting *In re OCA, Inc.*, 551 F.3d 359, 366 (5th Cir. 2008)) (internal quotation marks omitted). We review a bankruptcy court's decision to impose sanctions for abuse of discretion. *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (internal quotation marks omitted).

The bankruptcy court clearly had a sufficient evidentiary basis for its factual conclusion that the appellants filed their bankruptcy petition in bad faith. The appellants argue that sanctions under Rule 9011 are somehow akin to criminal contempt sanctions and that bankruptcy courts therefore lack the power to impose them, but there is no legal basis for equating the two types of sanctions. *See In re DeVille*, 631 F.3d 539, 552-53 (9th Cir. 2004) (distinguishing

between the processes and purposes of Rule 9011 sanctions and criminal contempt).

The appellants further argue that the imposition of Rule 9011 sanctions is not a "core" matter over which bankruptcy courts have jurisdiction to issue final orders under 28 U.S.C. § 157.  But the imposition of sanctions on litigants in a bankruptcy case is clearly a matter "arising in" such a case, 28 U.S.C. § 157(b)(1), so bankruptcy courts have jurisdiction to issue such orders.  *See In re Memorial Estates, Inc.*, 950 F.2d 1364, 1370 (7th Cir. 1991); *cf. In re Southmark Corp.*, 163 F.3d 925, 930-31 (5th Cir. 1999) (holding that a lawsuit alleging malpractice by an accountant in a bankruptcy case was a "core" matter within a bankruptcy court's jurisdiction).

Finally, the appellants argue that the bankruptcy court lacked the power to impose Rule 9011 sanctions on remand because the U.S. Trustee did not cross-appeal from the original imposition of sanctions.  But the bankruptcy court's decision on remand only clarified the legal basis of the sanctions the court had initially imposed (and also reduced the amount of the sanction against Mr. Wayland after he expressed remorse).  No cross-appeal is needed in order to give an appellate court the power to remand for clarification of the legal basis for the imposition of sanctions.  *See Crowe v. Smith*, 151 F.3d 217, 240 (5th Cir. 1998) (vacating an order imposing sanctions under an incorrect theory, and remanding for consideration of whether sanctions could be imposed under an alternative theory, when only the parties who were sanctioned had appealed).

For the foregoing reasons, we AFFIRM the district court's judgment affirming the bankruptcy court's sanctions order.